UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

ATLANTIC RECORDING CORPORATION;      )
CAPITOL RECORDS, LLC; ELEKTRA        )       Civil Action No. 08-CIV-3922-DC
ENTERTAINMENT GROUP INC.;            )
INTERSCOPE RECORDS; MOTOWN RECORD    )       **ECF CASE**
COMPANY, L.P.; PRIORITY RECORDS LLC; )
UMG RECORDINGS, INC.;                )       COMPLAINT FOR
VIRGIN RECORDS AMERICA, INC.; and    )       DAMAGES AND
WARNER BROS. RECORDS INC.,           )       INJUNCTIVE RELIEF
                                     )
                   Plaintiffs,       )
         v.                          )
                                     )
PROJECT PLAYLIST, INC.               )
                                     )
                   Defendant.        )
_____)

Plaintiffs allege as follows:

## INTRODUCTION

1.      Plaintiffs are leaders and innovators in the development, marketing, sales,

promotion, and distribution of recorded music around the world.  Plaintiffs invest substantial

sums of money, as well as time, effort, and creative talent, to discover and develop recording

artists, and to create, advertise, promote, sell, and license phonorecords embodying the

performances of their exclusive recording artists.  Plaintiffs' extensive and diverse catalogs of

music include well-known and legendary recording artists such as U2, Eminem, Elton John, The

Beatles, The Beach Boys, Bon Jovi, Coldplay, and Sheryl Crow, to name but a few.

2.      Defendant Project Playlist is the owner and operator of the website

http://www.projectplaylist.com.  The Project Playlist website holds itself out as "an information

location tool" that enables its users easily to "find, play and share" with others the "world of

music" available on the Internet, "wherever and whenever [they] choose."[1]  In fact, as Defendant well knows, Project Playlist's exploitation of this "world of music" amounts to nothing more than an enormous infringement of Plaintiffs' copyrighted sound recordings for Defendant's commercial gain.  Project Playlist performs and reproduces Plaintiffs' valuable works (and induces and enables others to do so) without any authorization whatsoever and without paying any compensation whatsoever to Plaintiffs.  And, by providing to the public the fruits of Plaintiffs' investment of money, labor, experience and expertise, Defendant's illegal enterprise inflicts tremendous damage on Plaintiffs' business.

3.      To accomplish its infringement, Project Playlist has compiled (and continues to compile) a vast index of links to sound recordings that are hosted on third-party websites on the Internet as well as, in many cases, on Project Playlist's own computer servers.  Users can quickly and easily search the index for recordings by their favorite artists.  At the click of a mouse, Project Playlist instantly streams a digital performance of the selected recording to the user, who can listen to it on his or her computer or mobile device.  Project Playlist also promotes a number of additional features, each of which is specially designed to expand Defendant's illegal exploitation of Plaintiffs' recordings to the greatest possible extent.  Among other things, Project Playlist:  (a) instructs users how to download permanent copies of recordings they find on the index; (b) induces users to upload infringing content to third-party sites and then add the associated link to Project Playlist's index; (c) encourages users to create "playlists" of favorite recordings for later use; and (d) shows users how to embed playlists on other websites, from which Plaintiffs' sound recordings are performed illegally for countless others.  Indeed, Project

---

[1] http://www.playlist.com/static/node/491.html.

Playlist's entire business model is premised on making Plaintiffs' copyrighted works available, for free, to anyone with a computer and a connection to the Internet.

4.    Defendant is well aware that the overwhelming majority of the sound recordings in its index are infringing, and that the overwhelming majority of the third-party websites that host these recordings do so illegally.  Defendant also knows that its own hosting of the Plaintiffs' sound recordings is illegal.  Nevertheless, Defendant aggressively touts its service as a legitimate enterprise when, in fact, Project Playlist's business is built on and supported by the infringement of Plaintiffs' copyrighted works.  As is true of other Internet businesses, the greater the volume of users Project Playlist can attract, the greater its advertising revenue.  Project Playlist therefore sets about to increase its user base and profits – all at Plaintiffs' expense – by portraying itself as an innovative way to find music on the Internet.  However, theft is not innovation, and the Internet does not grant a license to steal.

5.    In short, Defendant's entire business amounts to nothing more than a massive infringement of Plaintiffs' exclusive rights under the Copyright Act and New York law. Plaintiffs thus bring this lawsuit to end Defendant's massive, ongoing infringement of their copyrights and to recover damages for the harm caused by Defendant's activities.  Plaintiffs also seek a preliminary and permanent injunction to stop Defendant's brazen violation of Plaintiffs' rights.

## NATURE OF THE ACTION

6.    This is a civil action seeking injunctive relief and damages for copyright infringement under the Copyright Act, 17 U.S.C. § 101 *et seq*., and for unfair competition and common law copyright infringement under New York law with respect to Plaintiffs' sound recordings fixed prior to February 15, 1972.  Under Section 106 of the Copyright Act, 17 U.S.C.

§ 101 *et seq.*, Plaintiffs have the distinct, severable and exclusive rights to, among other things, reproduce and distribute their works to the public and to perform those works publicly by means of digital audio transmissions.  17 U.S.C. § 106.  Under New York law, Plaintiffs also hold exclusive copyrights with respect to sound recordings fixed prior to February 15, 1972.

7.    Plaintiffs seek statutory or actual damages for willful copyright infringement in the maximum amounts allowed under Section 504 of the Copyright Act, as well as compensatory and punitive damages, and an accounting, a constructive trust, and disgorgement to remedy Defendant's violations of New York state law.

## JURISDICTION AND VENUE

8.    The Court has subject matter jurisdiction over the Copyright Act claims pursuant to 28 U.S.C. §§ 1331 and 1338(a), and over the state law claims pursuant to 28 U.S.C. §§ 1338(b) and 1367(a), as those claims relate to the same case or controversy.

9.    The Court has personal jurisdiction over Defendant.  Through its interactive online services, Defendant enters into contracts and other arrangements with residents of New York.  Performance of those contracts calls for the knowing and repeated transmission of infringing copies of sound recordings over the Internet to and from New York residents.  Moreover, Defendant's online services purposely and actively interact with computers located in New York, including those of the Plaintiffs.  Defendant regularly solicits business in New York, including through ValueClick Media, an advertising sales agency with an office in New York, and derives substantial revenue from goods and services used in New York.  Defendant's conduct has caused and continues to cause injury to Plaintiffs in New York.

10.    Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b), (c), and (d).

## THE PLAINTIFFS AND THEIR BUSINESS

11.    Plaintiffs are well-known record companies.  They are in the business of producing, manufacturing, distributing, selling, licensing, and facilitating the distribution and sale of sound recordings in the United States.  The considerable artistic and technical quality of Plaintiffs' sound recordings is known in New York, and throughout both the United States and the world.

12.    Plaintiff Atlantic Recording Corporation is a Delaware corporation with its principal place of business in the State of New York.

13.    Plaintiff Capitol Records, LLC is a Delaware limited liability company with its principal place of business in the State of New York.

14.    Plaintiff Elektra Entertainment Group Inc. is a Delaware corporation with its principal place of business in the State of New York.

15.    Plaintiff Interscope Records is a California general partnership, with its principal place of business in the State of California.

16.    Plaintiff Motown Record Company, L.P. is a California limited partnership with its principal place of business in the State of California.

17.    Plaintiff Priority Records LLC is a Delaware limited liability company with its principal place of business in the State of California.

18.    Plaintiff UMG Recordings, Inc. is a Delaware corporation with its principal place of business in the State of California.

19.    Plaintiff Virgin Records America, Inc. is a California corporation with its principal place of business in the State of New York.

20.     Plaintiff Warner Bros. Records Inc. is a Delaware corporation with its principal place of business in the State of California.

21.     Plaintiffs are the copyright owners or owners of exclusive rights (by way of agreement) with respect to the vast majority of copyrighted sound recordings legitimately sold in the United States.  Under the Copyright Act, Plaintiffs have the exclusive rights to, among other things, "reproduce the copyrighted work[s]," "distribute copies or phonorecords of the copyrighted work[s] to the public," and "perform the copyrighted work[s] publicly by means of a digital audio transmission," as well as to authorize or license such activities.  17 U.S.C. § 106.

22.     Additionally, Plaintiffs have entered into various agreements by which they obtained the common law copyright rights in sound recordings embodying certain  performances that were initially "fixed" prior to February 15, 1972 (the "Pre-1972 Recordings").  These performances are subject to protection under state law rather than federal copyright law, and the Copyright Act cannot be used to "annul[] or limit[]" those rights until February 15, 2067."  17 U.S.C. § 301(c).  Pursuant to these agreements and New York common law, Plaintiffs possess, among other things, the exclusive and complete rights to manufacture, reproduce, distribute, sell, and perform these recordings.

23.     In addition to manufacturing, distributing, selling, and licensing phonorecords in the form of CDs, cassettes, and other tangible media, Plaintiffs also sell, distribute, and license their sound recordings in the form of digital audio files delivered and performed via the Internet. Many online services provide non-interactive broadcasts of these sound recordings pursuant to a statutory license to do so, while still others – including Apple's iTunes, Rhapsody, AOL Music, and Yahoo! Music – provide these sound recordings for authorized consumer purchase pursuant to agreements that the services negotiated with Plaintiffs.

24.    Plaintiffs have invested and continue to invest significant money, time, effort, and creative talent to discover and develop recording artists, and to create, manufacture, advertise, promote, sell, and license sound recordings embodying their performances.  Plaintiffs, their recording artists, and others in the music industry are compensated for their creative efforts and monetary investments largely from the sale and distribution of their sound recordings to the public, and from other exploitation of such sound recordings, including the authorized online sale, distribution, and performances described above.

25.    A non-exhaustive, illustrative list of Plaintiffs' federally copyrighted sound recordings that Defendant illegally has reproduced, distributed, and performed for its users is attached hereto as Exhibit A.  Plaintiffs have received Certificates of Copyright Registration from the Register of Copyrights for these copyrighted sound recordings.

26.    A non-exhaustive, illustrative list of Pre-1972 Recordings in which Plaintiffs hold exclusive rights under New York law and which Defendant illegally has reproduced, distributed, and performed for its users is attached hereto as Exhibit B.

## THE DEFENDANT AND ITS ILLEGAL BUSINESS

27.    Defendant Project Playlist, Inc., is a California company with its primary place of business in Beverly Hills, California.  The company is privately held and, on information and belief, is at least in part owned by KR Capital Partners, LLC.  Defendant has been operating http://www.projectplaylist.com since at least December 2006, and has become one of the most popular interactive streaming music sites on the Internet,[2] with more than 600,000 daily active

---

[2] http://gigaom.com/2007/09/26/project-playlist.

users,[3] nearly 9.5 million average pageviews per day,[4] and year-over-year user-base growth of more than 235% in 2007.[5]

**The Project Playlist Website**

28.    Project Playlist describes itself as "an information location tool . . . devoted entirely to the world of music."[6] From its homepage, users can search for music by typing in an artist name, a song name, or a combination of both.   Project Playlist then instantly displays dozens, if not hundreds or thousands, of sites – nearly all infringing – where recordings of the requested song or artist are available for streaming and downloading.   The following screenshot is an example of such a list, which contains copyrighted sound recordings by the group U2, owned by Plaintiff UMG Recordings, Inc.:



---

[3] http://www.adster.com/buy/panel.php?panel_id=10162.

[4] *Id.*

[5] http://siteanalytics.compete.com/projectplaylist.com?metric=uv.

[6] http://www.playlist.com/static/node/491.html.

29.      Project Playlist makes these works available by compiling an ever-expanding index of links to music files hosted on websites on the Internet.  Most of these music files are hosted by third parties that are neither copyright holders nor licensees.  In many cases, Project Playlist hosts these music files on its own servers.

30.      Project Playlist compiles its index of sound recordings in at least two ways.  First, Project Playlist has developed a "spider," which is a computer program that, at Project Playlist's direction and according to its specifications, browses the Internet and collects links to music files in a methodical, automated manner.  "Spidering" is a purposeful and interactive process that involves sending information to and from Project Playlist's computer servers to other computer servers around the world, including in New York.  The Project Playlist spider searches only for music files.  Project Playlist programs its spider to collect these music files and add them to its index, even though it knows that, in the overwhelming majority of cases, neither Project Playlist nor the hosting sites located by its spider are authorized by the copyright owner to reproduce, distribute, or perform those works.

31.      Second, Project Playlist supplements the infringing files found by its spider by encouraging its users "to submit URLs to music files they find while browsing the Internet."[7] Project Playlist is aware that most of these user-submitted URLs correspond to files that are illegally hosted.  Indeed, the site's discussion board frequently is used as a clearinghouse for users to request that new infringing files be made available by other users.[8]

32.      Project Playlist says on its website that it attempts to limit the reach of its spider to websites that "meet reasonable criteria for having the legal right to post the music files," and

---

[7] *Id.*

[8] See, *e.g.*, http://www.playlist.com/forum/general/topic/2228004 ("Request").

that it tells users "to add only those hyperlinks to music files that they reasonably believe are hosted legally."[9]  But whatever it claims publicly, even the most cursory review of the Project Playlist index reveals that it is composed primarily of links to sites that have no legal right to perform the music files they host.  Project Playlist is well aware of this fact, but it nevertheless advertises all of the content available on its index as "free music."[10]

33.    Once a sound recording appears on the index, Project Playlist will perform the work – at the click of the Play ( ▶ ) button – through the proprietary music player built into its website.  Project Playlist also is compatible with other music players, such as Windows Media Player, Real Media Player, and Winamp.[11]  On information and belief, this "open system" design causes sound recordings to be copied from their original format into other formats before being rendered audible.

34.    In addition to performing sound recordings, Project Playlist enables and encourages the reproduction and distribution of infringing material.  Every search result returned by Project Playlist displays and provides a link (denoted as "visit site") to the web address where the content is hosted, so that users easily (and illegally) can download a permanent copy of the infringing content for later, off-line use.  Defendant also has enabled and invited users to "podcast" sound recordings found on the Project Playlist index.  "Podcasting" is a simple, push-of-the-button mechanism for downloading content, and is of particular concern in the context of

---

[9] http://www.playlist.com/static/node/491.html.

[10] *Id.*

[11] *Id.*

illicit file-sharing because of "its ability to be syndicated, subscribed to, and downloaded automatically when new content is added."[12]

35.     Project Playlist encourages its users to create personal accounts, though such accounts are not required in order to search for, perform, or download infringing content. These personal accounts require users to enter into a contractual agreement that allows access to additional features of the Project Playlist website. On information and belief, many of these account holders are located in New York. One feature made available to account holders is the ability to create and store personal "playlists," which are collections of links to music files located on websites on the Internet. Project Playlist characterizes this feature "as a process of bookmarking 'favorites,'" which then are available for repeated, free and unauthorized future listening.[13] Here is a sample playlist, constructed of a handful of Plaintiffs' copyrighted works available through Project Playlist:



36.     Project Playlist also invites account holders to "embed" their playlists on social networking sites like MySpace, Facebook, and Blogger. Defendant seeks to capitalize on the

---

[12] http://en.wikipedia.org/wiki/Podcasting.

[13] http://www.playlist.com/static/node/491.html.

massive user bases of these sites – MySpace alone already had 22 million users in July 2005[14] – to increase its own user base and, by extension, its corporate valuation.  As Defendant explains, by embedding their playlists on a webpage, users "can listen to the playlist and thus the remotely located media files wherever and whenever [they] choose."[15]

37.    Project Playlist also copies to its own servers thousands (if not millions) of the music files identified on its search index, so that it can perform those works to its users more easily.[16]  This process of creating server copies ensures that Project Playlist's users will be able to hear requested recordings instantaneously upon demand, regardless of any service limitations that may exist on the third-party site that originally hosted the files.  By making and maintaining copies of sound recordings on its own servers (which itself involves illegal reproductions), Project Playlist thus increases its technical ability to engage in illegal performances of Plaintiffs' copyrighted sound recordings.

38.    Recognizing that the increased availability of wireless broadband service creates a vast potential new market, Project Playlist also has begun optimizing its site for use on iPhones and iPods,[17] as the screenshot below demonstrates.  By making its site compatible with iPods and similar music players, Project Playlist further undermines demand for legitimate sales and licensing arrangements.

---

[14] http://www.businessweek.com/technology/content/jul2005/tc20050729_0719_tc057.htm.

[15] http://www.playlist.com/static/node/491.html (emphasis added).

[16] http://www.playlist.com/static/node/495.html.

[17] http://www.playlist.com/node/16067100.



39.     Defendant's domain name – projectplaylist.com – is linked inseparably to Defendant's piracy.     Defendant has marketed and promoted its brand and domain name such that they are now well known among Defendant's target consumer audience.     The name ProjectPlaylist.com has become synonymous with free music, almost all of which infringes the true owners' copyrights.     The name ProjectPlaylist.com is thus part and parcel of Defendant's infringing scheme, and its prominence among Internet users greatly exacerbates the harm to Plaintiffs.

## Project Playlist's Infringement of Plaintiffs' Copyrights

40.     Project Playlist infringes Plaintiffs' copyrights, both directly and secondarily. Project Playlist intentionally selects particular sound recordings and creates and stores copies of them on its computer servers without authorization.     Project Playlist also makes, and purposely facilitates the making of, unauthorized reproductions of Plaintiffs' sound recordings.

41.     Similarly, by purposely displaying and providing a link to the websites where infringing recordings are hosted (which, by its terms, expressly encourages the user to "visit site"), Project Playlist induces, contributes to, and profits from, the illegal reproduction committed by many of its users when they download the recordings from those sites.     A discussion forum on the Project Playlist site points users to an instructional video on YouTube

that provides step-by-step instructions for engaging in these unauthorized downloads.[18] Another instructional video – appropriately labeled "Project Playlist – Free Music" – lauds the fact that Defendant makes no attempt to mask the location of the files that it streams.[19]

42.    Moreover, Defendant induces, contributes to, and profits from, the illegal reproduction that occurs through its "podcast" feature, which (until recently) allowed full playlists of music – that is, up to one hundred songs at a time – to be downloaded illegally at the push of a single button.  Although Project Playlist removed the podcasting button from its site in November 2007, the feature remains fully functional:  Both a user discussion forum hosted on Project Playlist,[20] as well as another instructional video on YouTube (this one titled "ProjectPlaylist Podcast No Longer Available . . . Till Now"),[21] instruct users on how to re-enable the illicit downloading feature with minimal effort.

43.    In addition to making, and facilitating the making of, unauthorized reproductions of Plaintiffs' sound recordings Defendant also performs, and purposely facilitates the performance of, Plaintiffs' copyrighted works without authorization.  As Project Playlist itself explains, when a user "initiate[s] the linking process from projectplaylist.com, the song appears to play through [the Project Playlist] site."[22]  Project Playlist thus itself infringes Plaintiffs' exclusive performance right whenever it streams one of Plaintiffs' copyrighted sound recordings

---

[18] See http://www.playlist.com/forum/general/topic/2180772 (citing http://www.youtube.com/watch?v=OzbfwYGxLVo).

[19] http://www.youtube.com/watch?v=XIg7rhmar58.

[20] http://www.projectplaylist.com/forum/general/topic/2015844.

[21] http://www.youtube.com/watch?v=ZSJBmBDGrOw.

[22] http://www.playlist.com/static/node/491.html.

to a user.   Defendant also has actual and constructive knowledge that it links users to unauthorized third-party sites so that users can initiate infringing performances of Plaintiffs' copyrighted works.

44.     Evidence of Defendant's actual and constructive knowledge that it links to infringing sites is overwhelming, as demonstrated not only by Defendant's admission that it "may link to some music files that infringe the copyright owner's copyright interest in that file,"[23] but also by the results returned by its search engine.   As  Defendant knows, many of the URLs that appear on the index represent sites that obviously are hosted by students (typically at .edu web addresses) or else are sites commonly known to host infringing content (such as www.rapidshare.com).   There also are numerous discussions in Project Playlist's "forum" about the massive amount of infringing content that is available on Project Playlist.

45.     Defendant does not link to this infringing content inadvertently.    As the screenshot below demonstrates, instructional material created by Project Playlist's employees helps users to find material that is obviously copyrighted.   In fact, those same employees publicly display their own use of Defendant's website to find and stream infringing material:

---

[23] http://images.projectplaylist.com/static/node/147435.html.



46.      Defendant's search engine also provides a "Did you mean" feature so that common misspellings of popular, copyrighted works will not prevent users from enjoying Project Playlist's voluminous catalogue of infringing materials. The following screenshot – created by entering a common misspelling of Interscope Records artist Gwen Stefani – illustrates this capability, as well as Defendant's knowledge that its website is used to conduct and facilitate the performance of copyrighted sound recordings without authorization:



47.      Finally, Defendant infringes Plaintiffs' exclusive distribution rights in their sound recordings by inducing and instructing its users to upload infringing content to third-party

websites, so that it can be indexed and streamed by Project Playlist.[24]  Defendant even provides a "forum" designed to teach its users – including users in New York – how to accomplish such illegal distribution of Plaintiffs' copyrighted works.

48.    Defendant commits all these acts of infringement, notwithstanding that it has the capability to distinguish which content is legally hosted on third-party sites and which is not.  If it chose to do so, Defendant easily could stop or limit infringement simply by filtering the content it indexes.   Instead, Defendant intentionally makes *all* content available to users, regardless of its legality.   Defendant refrains from filtering out infringing works precisely because doing so would dramatically decrease the content available to users, thereby undermining Defendant's illegitimate business model. Defendant's wide-scale infringement drives its user base, which in turn drives advertising revenues and the company's valuation.

49.    Defendant's unlawful reproduction, distribution and performance of hundreds of thousands of Plaintiffs' copyrighted works has harmed, and will continue to harm, Plaintiffs.  If Defendant's users can listen on-demand to any sound recording they want for free, they will have little or no incentive to purchase authorized digital copies of those sound recordings or patronize other streaming music sites that pay for their streaming licenses.  Defendant's services thus have acted and will continue to act as a substitute that displaces significant numbers of legitimate sales and licensing agreements.

50.    Defendant's disregard for Plaintiffs' rights has been reaffirmed repeatedly over the previous few months.  On at least six occasions since October 4, 2007, Plaintiffs' authorized representative has given Defendant notice, pursuant to 17 U.S.C. § 512(c)(3), of its infringing

---

[24]    See, *e.g.*,  http://www.playlist.com/forum/support/topic/2223204 (assistance provided by Project Playlist staff member); http://www.playlist.com/forum/support/topic/2226820 (assistance provided by another user).

behavior, notwithstanding the fact that Defendant was already fully aware of the infringing activity, which is readily apparent to anyone who visits the Project Playlist site. In some cases, Defendant has failed to act in response to these notices and in others has done so only after lengthy periods of inaction.

## COUNT ONE

### (Direct Infringement in Violation of 17 U.S.C. §§ 106 and 501)

51.    Plaintiffs incorporate by reference the preceding paragraphs as if set forth herein.

52.    Defendant, without permission or consent of Plaintiffs, makes unauthorized reproductions of Plaintiffs' copyrighted sound recordings, and engages in unauthorized performances including but not limited to those copyrighted sound recordings listed in Exhibit A hereto. Such reproduction and performance constitutes infringement of Plaintiffs' registered copyrights and the exclusive rights under copyright in violation of 17 U.S.C. §§ 106(1), 106(6).

53.    By rendering audible copyrighted sound recordings, Defendant, without permission or consent of Plaintiffs, engages in unauthorized public performances by means of digital audio transmissions. Such public performances constitute infringement of Plaintiffs' registered copyrights and the exclusive rights under copyright in violation of 17 U.S.C. § 106(6).

54.    The infringement of Plaintiffs' rights in each of their copyrighted sound recordings constitutes a separate and distinct act of infringement.

55.    Defendant's acts of infringement are willful, intentional and purposeful, in disregard of and indifferent to the rights of Plaintiffs.

56.    As a direct and proximate result of Defendant's infringement of Plaintiffs' copyrights and exclusive rights under copyright, Plaintiffs are entitled to the maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 with respect to each work

infringed, or such other amounts as may be proper under 17 U.S.C. § 504(c).  In the alternative, at Plaintiffs' election pursuant to 17 U.S.C. § 504(b), Plaintiffs are entitled to their actual damages, including Defendant's profits from infringement, in amounts to be proven at trial.

57.    Plaintiffs are entitled to their costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

58.    Defendant's conduct is causing, and, unless enjoined by this Court, will continue to cause Plaintiffs great and irreparable injury that cannot fully be compensated or measured in money.  Plaintiffs have no adequate remedy at law.  Pursuant to 17 U.S.C. § 502, Plaintiffs are entitled to a preliminary injunction and a permanent injunction prohibiting infringement of Plaintiffs' copyrights and exclusive rights under copyright.

## COUNT TWO

### (Secondary Infringement in Violation of 17 U.S.C. §§ 106(1), 106(3), 106(6), and 501)

59.    Plaintiffs incorporate by reference the preceding paragraphs as if set forth herein.

60.    As detailed above, users of and sites associated with Defendant's website and software are engaged in repeated and pervasive infringement of Plaintiffs' exclusive rights to reproduce, distribute and publicly perform their copyrighted recordings.   Such acts of infringement include not only the illegal performances made by many sites to which Project Playlist links, 17 U.S.C. § 106(6), but also the uploading of copyrighted material to third-party sites in which Defendant encourages its users to engage, 17 U.S.C. § 106(3).

61.    Defendant is liable under the Copyright Act for inducing the infringing acts of the users of its website and software.  Defendant operates its website and distributes its software with the object of promoting their use to infringe Plaintiffs' copyrights.

62. Defendant's inducement of copyright infringement is obvious from, among other things: (a) Defendant's attempt to attract users by assembling an easily searchable library of recordings consisting overwhelmingly of infringing content available for easy streaming and downloading on any device with access to the Internet; (b) instructional material posted by Defendant itself that provides step-by-step instructions for both uploading and finding infringing material; (c) the many statements and features on Defendant's website that encourage and facilitate copyright infringement by Defendant's users, among them the "podcasting" feature and a forum wherein users can request and exchange information about infringing content that will ultimately be linked to by Project Playlist; (d) Defendant's repeated assurances to users that its site is entirely legal despite actual knowledge otherwise; and (e) Defendant's effort to increase its audience and thereby generate advertising revenue by offering users the ability to stream and download infringing content for free.

63. Defendant knowingly and intentionally entices, persuades, and causes users of its website and software to reproduce, distribute, and publicly perform Plaintiffs' sound recordings, including but not limited to those sound recordings listed in Exhibit A hereto, in violation of Plaintiffs' copyrights.

64. Through these activities, among others, Defendant knowingly and intentionally takes steps that are substantially certain to result in direct infringement of Plaintiffs' sound recordings, including but not limited to those sound recordings listed in Exhibit A hereto, in violation of Plaintiffs' copyrights.

65. Despite its knowledge that infringing material is made available to users by means of Project Playlist, Defendant has failed to take reasonable steps to minimize the infringing capabilities of its site.

66.     Defendant is liable as a contributory copyright infringer for the infringing acts of users of its website and software.  Defendant has actual and constructive knowledge of both the infringing activity of the sites to which it links and the infringing activity of its users.  Defendant knowingly causes and otherwise materially contributes to these unauthorized reproductions, distributions, and public performances of Plaintiffs' copyrighted sound recordings, including but not limited to those sound recordings listed in Exhibit A hereto, in numerous ways.  Among these acts of material contribution are Defendant's search engine, its "Did you mean" function, its discussion forum, complete with employee responses and links to off-site instructional videos that provides detailed guides to infringement, and the "podcast" function.

67.     Defendant is vicariously liable for the infringing acts of users of its website and software.  Defendant has the right and ability to supervise and control the infringing activities that occur through the use of its website and software, and at all relevant times has derived a direct financial benefit from the infringement of Plaintiffs' copyrights.  Defendant has refused to take any meaningful action to prevent the widespread infringement by its users.  Defendant is therefore vicariously liable for the unauthorized reproduction, distribution, and public performance of Plaintiffs' copyrighted sound recordings, including but not limited to those sound recordings listed in Exhibit A hereto.

68.     The infringement of Plaintiffs' rights in each of their copyrighted sound recordings constitutes a separate and distinct act of infringement.

69.     Defendant's acts of infringement are willful, intentional and purposeful, in disregard of and indifferent to the rights of Plaintiffs.

70.     As a direct and proximate result of Defendant's infringement of Plaintiffs' copyrights and exclusive rights under copyright, Plaintiffs are entitled to the maximum statutory

damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 with respect to each work infringed, or such other amounts as may be proper under 17 U.S.C. § 504(c). In the alternative, at Plaintiffs' election pursuant to 17 U.S.C. § 504(b), Plaintiffs are entitled to their actual damages, including Defendant's profits from infringement, in amounts to be proven at trial.

71.    Plaintiffs are entitled to their costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

72.    Defendant's conduct is causing, and, unless enjoined by this Court, will continue to cause Plaintiffs great and irreparable injury that cannot fully be compensated or measured in money. Plaintiffs have no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiffs are entitled to a preliminary injunction and a permanent injunction prohibiting infringement of Plaintiffs' copyrights and exclusive rights under copyright.

## COUNT THREE

### (Common Law Copyright Infringement of Pre-1972 Recordings)

73.    Plaintiffs incorporate by reference the preceding paragraphs as if set forth herein.

74.    The Pre-1972 Recordings are subject to common law copyright protection under New York law. As the owners of valid common law copyrights in the Pre-1972 Recordings, Plaintiffs possess the exclusive rights to sell, copy, distribute, and perform these recordings.

75.    Plaintiffs have not granted or licensed to Defendant the right to copy, distribute, or perform the Pre-1972 Recordings in any manner, including by digital transmission. Defendant's creation and dissemination of unauthorized copies of the Pre-1972 Recordings, including but not limited to those recordings listed in Exhibit B hereto, therefore constitutes infringement of Plaintiffs' common law copyrights in the Pre-1972 Recordings.

76.     As a direct and proximate result of Defendant's deliberate, wanton, and willful copyright violations, Plaintiffs have suffered damages in amounts to be proven at trial.  Plaintiffs are entitled to compensatory damages as well as punitive damages.

77.     Defendant's conduct is causing, and, unless enjoined by this Court, will continue to cause Plaintiffs irreparable injury that cannot be fully compensated or measured in money damages.   Plaintiffs have no adequate remedy at law and are entitled to injunctive relief prohibiting Defendant from further violating Plaintiffs' rights in the Pre-1972 Recordings.

## COUNT FOUR

### (Unfair Competition as to Pre-1972 Recordings)

78.     Plaintiffs incorporate by reference the preceding paragraphs as if set forth herein.

79.     Defendant has usurped for itself the fruits of Plaintiffs' financial and creative investments.  Defendant is profiting from the results of Plaintiffs' expenditures and skill without having to incur any expense or risk of its own in relation to the Pre-1972 Recordings.

80.     Defendant's acts constitute a misappropriation of the rights of Plaintiffs in and to the Pre-1972 Recordings, and constitute misappropriation and unfair competition under New York law.

81.     As a direct and proximate result of defendant's conduct, the plaintiffs are entitled to recover all proceeds and other compensation received or to be received by Defendant arising from Defendant's infringements of Plaintiffs' rights to the Pre-1972 Recordings.  Plaintiffs are entitled to an accounting to ascertain the amount of such profits and compensation.

82.     As a direct and proximate result of Defendant's misappropriation and unfair competition, Plaintiffs have been damaged, and Defendant has been unjustly enriched, in amounts to be proven at trial.  Plaintiffs are entitled to compensatory damages and/or restitution

and disgorgement, including the imposition on Defendant of a constructive trust for the benefit of Plaintiffs, and an order requiring Defendant to convey to Plaintiffs all gross receipts and benefits received or to be received that are attributable to infringement of the Pre-1972 Recordings.

83.    Defendant's violations are wanton and willful, and Plaintiffs are entitled to punitive damages in addition to their actual damages.

84.    Defendant's conduct is causing, and, unless enjoined by this Court, will continue to cause Plaintiffs irreparable injury that cannot be fully compensated or measured in money damages.    Plaintiffs have no adequate remedy at law and are entitled to injunctive relief prohibiting Defendant from further violating Plaintiffs' rights in the Pre-1972 Recordings.

WHEREFORE, Plaintiffs pray for judgment against Defendant as follows:

(a)    for a declaration that Defendant, both directly and secondarily, willfully infringes Plaintiffs' copyrights, and engages in unfair competition and other violations of New York law;

(b)    as to Counts One through Four, for such equitable relief under Titles 17 and 28 as is necessary to prevent or restrain infringement of Plaintiffs' copyrights, including a preliminary injunction and a permanent injunction requiring that Defendant and its officers, agents, servants, employees, attorneys, and others in active concert or participation with each or any of them, (i) cease infringing, or causing, enabling, facilitating, encouraging, promoting and inducing or participating in the infringement of, any of Plaintiffs' copyrights or exclusive rights protected by the Copyright Act or common law, whether now in existence or hereafter created; and (ii) surrender, and cease to use, the domain name of www.projectplaylist.com unless and until Defendant satisfies the Court that Defendant has ceased to infringe Plaintiffs' copyrighted sound recordings;

(c)      as to Counts One and Two, for statutory damages pursuant to 17 U.S.C. § 504(c), in amounts to be proven at trial, arising from Defendant's violations of Plaintiffs' rights under the Copyright Act or, in the alternative, at Plaintiffs' election pursuant to 17 U.S.C. § 504(b), Plaintiffs' actual damages, including Defendant's profits from infringement, in amounts to be proven at trial;

(d)      as to Counts Three and Four, for compensatory and punitive damages in amounts to be proven at trial;

(e)      as to Count Four, for an accounting, the imposition of a constructive trust, and restitution and disgorgement of Defendant's unlawful proceeds and benefits obtained by its misappropriation and unfair competition;

(f)      for Plaintiffs' costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505 and otherwise;

(g)      for prejudgment and post-judgment interest; and

(h)      for such other relief as the Court may deem just and proper.

Respectfully submitted,


/s/ Eva A. Temkin_____
Gary A. Orseck (application for admission
    *pro hac vice* pending)
Alison C. Barnes (application for admission
    *pro hac vice* pending)
Ariel Lavinbuk (application for admission
    pending)
Eva A. Temkin
ROBBINS, RUSSELL, ENGLERT, ORSECK,
UNTEREINER & SAUBER LLP
1801 K Street, N.W., Suite 411
Washington, DC 20006
Tel: (202) 775-4500
Fax: (202) 775-4510
etemkin@robbinsrussell.com

*Counsel for Plaintiffs*

Dated: April 28, 2008

# Exhibit A

| Plaintiff | Artist | Song Title | Album Title | SR |
|-----------|--------|------------|-------------|-----|
| Atlantic Recording Corporation | Bad Religion | New America | The New America | 284-353 |
| Atlantic Recording Corporation | Beth Hart | Mama | Screamin' For My Supper | 271-297 |
| Atlantic Recording Corporation | Collective Soul | Perfect Day | Blender | 303-603 |
| Atlantic Recording Corporation | Hootie & The Blowfish | Let Her Cry | Cracked Rear View | 193-960 |
| Atlantic Recording Corporation | INXS | Never Tear Us Apart | Kick | 85-232 |
| Atlantic Recording Corporation | Jewel | Pieces of You | Pieces of You | 198-481 |
| Atlantic Recording Corporation | Kevin Lyttle | Turn Me On | Kevin Lyttle | 368-171 |
| Atlantic Recording Corporation | Kid Rock | Cold and Empty | Kid Rock | 352-774 |
| Atlantic Recording Corporation | MC Lyte | Ruffneck | Ain't No Other | 168-042 |
| Atlantic Recording Corporation | OPM | Brighter Side | Menace To Sobriety | 303-751 |
| Atlantic Recording Corporation | P.O.D. | Boom | Satellite | 303-757 |
| Atlantic Recording Corporation | Phil Collins | Long Long Way to Go | No Jacket Required | 60-788 |
| Atlantic Recording Corporation | Sean Paul | Get Busy | Dutty Rock | 352-634 |
| Atlantic Recording Corporation | Sister Sledge | We Are Family | We Are Family | 6-182 |
| Atlantic Recording Corporation | Sugar Ray | Fly | Floored | 208-769 |
| Atlantic Recording Corporation | Yes | Love Will Find a Way | Love Will Find a Way (single) | 84-690 |
| Atlantic Recording Corporation | Yes | Owner of a Lonely Heart | Owner of a Lonely Heart (single) | 50-667 |
| Capitol Records, LLC | Beastie Boys | Hey Ladies | Paul's Boutique | 154-345 |
| Capitol Records, LLC | Beastie Boys | Flute Loop | Ill Communication | 213-461 |
| Capitol Records, LLC | Billy Idol | Cradle of Love | Charmed Life | 115-717 |
| Capitol Records, LLC | Blondie | Heart of Glass | Parallel Lines | 4-090 |
| Capitol Records, LLC | Chingy | Right Thurr | Jackpot | 343-105 |
| Capitol Records, LLC | Coldplay | God Put a Smile Upon Your Face | A Rush of Blood to the Head | 322-958 |
| Capitol Records, LLC | Coldplay | Speed Of Sound | Speed of Sound (single) | 376-817 |
| Capitol Records, LLC | Everclear | Father of Mine | So Much for the Afterglow | 181-328 |
| Capitol Records, LLC | Everclear | Santa Monica | Sparkle And Fade | 279-015 |
| Capitol Records, LLC | Grand Funk Railroad | Some Kind of Wonderful | All the Girls in the World Beware!!! | N-20414 |
| Capitol Records, LLC | Heart | All I Wanna Do Is Make Love to You | Brigade | 114-803 |
| Capitol Records, LLC | Jane's Addiction | True Nature | Strays | 333-443 |
| Capitol Records, LLC | Joss Stone | Less Is More | Mind Body & Soul | 539-917 |
| Capitol Records, LLC | Keith Urban | Better Life | Be Here | 353-271 |
| Capitol Records, LLC | Keith Urban | You're Not Alone Tonight | Golden Road | 323-344 |
| Capitol Records, LLC | Kim Wilde | Kids In America | Kim Wilde | 33-474 |
| Capitol Records, LLC | Kylie Minogue | Fever | Fever | 322-960 |
| Capitol Records, LLC | Lisa Marie Presley | Lights Out | To Whom It May Concern | 330-007 |
| Capitol Records, LLC | Liz Phair | Everything to Me | Everything to Me (single) | 375-882 |
| Capitol Records, LLC | Megadeth | Hangar 18 | Rust In Peace | 125-168 |
| Capitol Records, LLC | Trace Adkins | Honky Tonk Badonkadonk | Songs About Me | 361-541 |
| Capitol Records, LLC | Vanilla Ice | Ice Ice Baby | To The Extreme | 125-259 |
| Capitol Records, LLC | Westside Connection | Terrorist Threats | Terrorist Threats | 350-349 |
| Capitol Records, LLC | Yellowcard | Back Home | Ocean Avenue | 343-413 |
| Elektra Entertainment Group Inc. | Alana Davis | 32 Flavors | Blame it on Me | 245-201 |
| Elektra Entertainment Group Inc. | Bjork | Bachelorette | Homogenic | 245-199 |

| Plaintiff | Artist | Song Title | Album Title | SR |
|---|---|---|---|---|
| Elektra Entertainment Group Inc. | Brand Nubian | Punks Jump Up to Get Beat Down | In God We Trust | 152-095 |
| Elektra Entertainment Group Inc. | Eagles | Hotel California | Hotel California | N38950 |
| Elektra Entertainment Group Inc. | Jackson Browne | For America | Lives In The Balance | 69-519 |
| Elektra Entertainment Group Inc. | Jason Mraz | Curbside Prophet | Waiting for My Rocket to Come | 357-729 |
| Elektra Entertainment Group Inc. | Keith Sweat | Nobody | Keith Sweat | 226-496 |
| Elektra Entertainment Group Inc. | Nada Surf | Popular | High/Low | 225-933 |
| Elektra Entertainment Group Inc. | Staind | So Far Away | 14 Shades of Grey | 332-424 |
| Elektra Entertainment Group Inc. | The Cars | Let's Go | Let's Go (single) | 10-639 |
| Elektra Entertainment Group Inc. | The Cure | A Letter to Elise | Wish | 148-543 |
| Elektra Entertainment Group Inc. | The Cure | Just Like Heaven | Kiss Me, Kiss Me, Kiss Me | 82-714 |
| Elektra Entertainment Group Inc. | The Prodigy | Out Of Space | Experience | 168-434 |
| Elektra Entertainment Group Inc. | Third Eye Blind | An Ode to Maybe | Blue | 278-241 |
| Elektra Entertainment Group Inc. | Tracy Chapman | Fast Car | Fast Car (single) | 90-386 |
| Elektra Entertainment Group Inc. | Vast | Free | Music For People | 267-227 |
| Elektra Entertainment Group Inc. | Ween | Bananas And Blow | White Pepper | 281-379 |
| Interscope Records | Black Eyed Peas | Lil' Lil' | Bridging The Gap | 214-650 |
| Interscope Records | Eminem | Mockingbird | Encore | 364-769 |
| Interscope Records | Limp Bizkit | Behind Blue Eyes | Results May Vary | 346-261 |
| Interscope Records | Limp Bizkit | No Sex | Significant Other | 279-827 |
| Interscope Records | Mya | If You Were Mine | Mya | 255-973 |
| Interscope Records | Nine Inch Nails | Closer | The Downward Spiral | 190-639 |
| Interscope Records | No Doubt | Bathwater | Return Of Saturn | 279-727 |
| Interscope Records | No Doubt | Just A Girl | Tragic Kingdom | 206-724 |
| Interscope Records | No Doubt | Underneath It All | Rock Steady | 305-872 |
| Interscope Records | Puddle of Mudd | Blurry | Come Clean | 301-465 |
| Interscope Records | Ruff Ryders | Down Bottom | Ryde Or Die Compilation Volume 1 | 179-239 |
| Interscope Records | The Wallflowers | One Headlight | Bringing Down The Horse | 221-889 |
| Motown Record Company, L.P. | Boyz II Men | Song For Mama | Evolution | 240-088 |
| Motown Record Company, L.P. | Brian McKnight | Back At One | Back At One (single) | 280-025 |
| Motown Record Company, L.P. | Lionel Richie | Stuck on You | Can't Slow Down | 49-235 |
| Motown Record Company, L.P. | Marvin Gaye | Let's Get It On | Let's Get It On (single) | N7555 |
| Priority Records LLC | Ice Cube | You Can Do It | War & Peace:  Vol. 2 | 287-151 |
| Priority Records LLC | Snoop Dogg | The One and Only | Paid Tha Cost To Be Da Bo$$ | 324-295 |
| UMG Recordings, Inc. | 3 Doors Down | Landing In London | Seventeen Days | 368-870 |
| UMG Recordings, Inc. | 50 Cent | In da Club | In Da Club (single) | 323-562 |
| UMG Recordings, Inc. | Aerosmith | Amazing | Get A Grip | 153-061 |
| UMG Recordings, Inc. | Aerosmith | Angel | Permanent Vacation | 85-369 |
| UMG Recordings, Inc. | Aerosmith | Dude (Looks Like A Lady) | Dude (Looks Like a Lady) (single) | 87-670 |
| UMG Recordings, Inc. | Aerosmith | Livin' on the Edge | Livin' on the Edge (single) | 152-755 |
| UMG Recordings, Inc. | Aqua | Lollipop | Aquarium | 243-903 |
| UMG Recordings, Inc. | Audioslave | Your Time Has Come | Out Of Exile | 373-489 |
| UMG Recordings, Inc. | Beck | Debra | Midnite Vultures | 276-479 |
| UMG Recordings, Inc. | Beck | Earthquake Weather | Guero | 372-955 |

| Plaintiff | Artist | Song Title | Album Title | SR |
|---|---|---|---|---|
| UMG Recordings, Inc. | Black Eyed Peas | Let's Get Retarded | Elephunk | 334-398 |
| UMG Recordings, Inc. | Black Eyed Peas | My Humps | Monkey Business | 378-166 |
| UMG Recordings, Inc. | Blink-182 | Down | Blink-182 | 345-359 |
| UMG Recordings, Inc. | Blink-182 | First Date | Take Off Your Pants And Jacket | 301-317 |
| UMG Recordings, Inc. | Blink-182 | Going Away to College | Enema of the State | 279-826 |
| UMG Recordings, Inc. | Blue October | Hate Me | Foiled | 388-117 |
| UMG Recordings, Inc. | Bon Jovi | Who Says You Can't Go Home | Have a Nice Day | 382-027 |
| UMG Recordings, Inc. | Bon Jovi | You Give Love a Bad Name | Slippery When Wet | 71-794 |
| UMG Recordings, Inc. | Boyzone | No Matter What | Where We Belong | 181-155 |
| UMG Recordings, Inc. | Common | Chi-City | Be | 377-106 |
| UMG Recordings, Inc. | Counting Crows | Colorblind | This Desert Life | 271-316 |
| UMG Recordings, Inc. | Def Leppard | Gods of War | Hysteria | 90-420 |
| UMG Recordings, Inc. | DMX | Angel | ...And Then There Was X | 279-017 |
| UMG Recordings, Inc. | Elton John | Candle in the Wind | Goodbye Yellow Brick Road | N10950 |
| UMG Recordings, Inc. | Fall Out Boy | Dance, Dance | From Under The Cork Tree | 371-909 |
| UMG Recordings, Inc. | Flaw | Payback | Through The Eyes | 303-118 |
| UMG Recordings, Inc. | George Strait | Cowboys Like Us | Honkytonkville | 333-733 |
| UMG Recordings, Inc. | Godsmack | I Stand Alone | Faceless | 329-097 |
| UMG Recordings, Inc. | Godsmack | Sick Of Life | Awake | 293-376 |
| UMG Recordings, Inc. | Guns N Roses | November Rain | Use Your Illusion I | 134-647 |
| UMG Recordings, Inc. | Guns N Roses | Welcome to the Jungle | Appetite for Destruction | 85-358 |
| UMG Recordings, Inc. | Gwen Stefani | Crash | Love.Angel.Music.Baby. | 364-759 |
| UMG Recordings, Inc. | Hinder | Better Than Me | Extreme Behavior | 379-192 |
| UMG Recordings, Inc. | Hoobastank | The Reason | The Reason | 339-555 |
| UMG Recordings, Inc. | Ja Rule | Mesmerize | The Last Temptation | 322-388 |
| UMG Recordings, Inc. | Jay-Z | December 4th | The Black Album | 337-758 |
| UMG Recordings, Inc. | Jay-Z | So Ghetto | Do It Again (Put Ya Hands Up) (single) | 279-081 |
| UMG Recordings, Inc. | Jimmy Buffett | Changes In Latitude, Changes In Attitude | Changes In Latitude, Changes In Attitude | N39665 |
| UMG Recordings, Inc. | Jimmy Buffett | Jamaica Farewell | Feeding Frenzy | 124-218 |
| UMG Recordings, Inc. | Joe Budden | She Wanna Know | Joe Budden | 334-117 |
| UMG Recordings, Inc. | Kanye West | Jesus Walks | College Dropout | 347-391 |
| UMG Recordings, Inc. | Keane | Somewhere Only We Know | Hopes and Fears | 355-429 |
| UMG Recordings, Inc. | Kem | Heaven | Album II | 365-756 |
| UMG Recordings, Inc. | Lifehouse | All In All | Lifehouse | 370-643 |
| UMG Recordings, Inc. | Mariah Carey | Shake It Off | The Emancipation of Mimi | 370-795 |
| UMG Recordings, Inc. | Melissa Etheridge | Bring Me Some Water | Melissa Etheridge | 85-587 |
| UMG Recordings, Inc. | Nelly | Pimp Juice | Nellyville | 315-537 |
| UMG Recordings, Inc. | Nelly Furtado | Maneater | Loose | 387-509 |
| UMG Recordings, Inc. | New Found Glory | All Downhill From Here | Catalyst | 356-117 |
| UMG Recordings, Inc. | U2 | Bullet The Blue Sky | The Joshua Tree | 78-949 |
| UMG Recordings, Inc. | U2 | Drowning Man | War | 42-944 |
| UMG Recordings, Inc. | U2 | In A Little While | All That You Can't Leave Behind | 294-631 |
| UMG Recordings, Inc. | U2 | Sometimes You Can't Make It On Your Own | How To Dismantle An Atomic Bomb | 362-201 |

| Plaintiff | Artist | Song Title | Album Title | SR |
|---|---|---|---|---|
| UMG Recordings, Inc. | Vanessa Carlton | A Thousand Miles | A Thousand Miles (single) | 306-656 |
| UMG Recordings, Inc. | Vince Gill | Go Rest High on That Mountain | When Love Finds You | 190-152 |
| UMG Recordings, Inc. | Weezer | Beverly Hills | Beverly Hills (single) | 377-899 |
| UMG Recordings, Inc. | Weezer | December | Maladroit | 316-397 |
| UMG Recordings, Inc. | Weezer | Tired Of Sex | Pinkerton | 226-562 |
| UMG Recordings, Inc. | Whitesnake | Here I Go Again | Whitesnake | 82-749 |
| UMG Recordings, Inc. | Yeah Yeah Yeahs | Y Control | Fever to Tell | 332-650 |
| UMG Recordings, Inc. | Young Jeezy | Bottom Of The Map | Let's Get It:  Thug Motivation 101 | 375-159 |
| UMG Recordings, Inc. | Afroman | Hush | The Good Times | 301-429 |
| Virgin Records America, Inc. | A Perfect Circle | Imagine | Emotive | 375-835 |
| Virgin Records America, Inc. | A Perfect Circle | The Noose | Thirteenth Step | 341-312 |
| Virgin Records America, Inc. | Ben Harper | Burn to Shine | Burn To Shine | 273-400 |
| Virgin Records America, Inc. | Ben Harper | By My Side | Fight For Your Mind | 210-135 |
| Virgin Records America, Inc. | Blur | Song 2 | Blur | 231-938 |
| Virgin Records America, Inc. | Fountains of Wayne | Hey Julie | Welcome, Interstate Managers | 335-616 |
| Virgin Records America, Inc. | Gang Starr | Rite Where U Stand | The Ownerz | 337-281 |
| Virgin Records America, Inc. | Gorillaz | Dare | Demon Days | 379-135 |
| Virgin Records America, Inc. | Kelis | Suspended | Kaleidoscope | 277-087 |
| Virgin Records America, Inc. | Smashing Pumpkins | Bullet With Butterfly Wings | Mellon Collie and the Infinite Sadness | 183-904 |
| Virgin Records America, Inc. | Smashing Pumpkins | Mayonaise | Siamese Dream | 169-635 |
| Virgin Records America, Inc. | The Rolling Stones | Miss You | Some Girls | 1-522 |
| Virgin Records America, Inc. | The Rolling Stones | Waiting on a Friend | No Security | 262-974 |
| Virgin Records America, Inc. | UB40 | Can't Help Falling In Love | Promises And Lies | 186-039 |
| Warner Bros. Records Inc. | A-Ha | Take On Me | Hunting High and Low | 63-603 |
| Warner Bros. Records Inc. | Barenaked Ladies | One Week | Stunt | 257-724 |
| Warner Bros. Records Inc. | Barenaked Ladies | The Old Apartment | Born on a Pirate Ship | 261-190 |
| Warner Bros. Records Inc. | Big & Rich | Save a Horse (Ride a Cowboy) | Horse of a Different Color | 354-900 |
| Warner Bros. Records Inc. | Blake Shelton | Nobody But Me | Blake Shelton's Barn & Grill | 359-309 |
| Warner Bros. Records Inc. | Depeche Mode | Never Let Me Down Again | Music For The Masses | 87-111 |
| Warner Bros. Records Inc. | Disturbed | Darkness | Believe | 316-958 |
| Warner Bros. Records Inc. | Disturbed | Deify | Ten Thousand Fists | 380-289 |
| Warner Bros. Records Inc. | Disturbed | Stricken | Stricken (single) | 380-288 |
| Warner Bros. Records Inc. | Eric Clapton | Hoochie Coochie Man | From The Cradle | 199-841 |
| Warner Bros. Records Inc. | Fleetwood Mac | Dreams | Rumours | N39857 |
| Warner Bros. Records Inc. | Fourplay | Magic Carpet Ride | Elixir | 169-234 |
| Warner Bros. Records Inc. | Green Day | Macy's Day Parade | Warning | 288-352 |
| Warner Bros. Records Inc. | John Michael Montgomery | Letters from Home | Letters From Home | 356-591 |
| Warner Bros. Records Inc. | Linkin Park | From the Inside | Meteora | 346-247 |
| Warner Bros. Records Inc. | Linkin Park | One Step Closer | Hybrid Theory | 288-402 |
| Warner Bros. Records Inc. | Madness | One Step Beyond | One Step Beyond | 16-959 |
| Warner Bros. Records Inc. | Madonna | Don't Cry For Me Argentina | Evita | 229-813 |
| Warner Bros. Records Inc. | Morrissey | Suedehead | Viva Hate | 90-903 |
| Warner Bros. Records Inc. | My Chemical Romance | I'm Not Okay (I Promise) | Three Cheers for Sweet Revenge | 360-197 |

| Plaintiff | Artist | Song Title | Album Title | SR |
|---|---|---|---|---|
| Warner Bros. Records Inc. | Nina Gordon | Fade To Black | Tonight and the Rest of My Life | 285-809 |
| Warner Bros. Records Inc. | Trapt | Echo | Trapt | 317-667 |
| Warner Bros. Records Inc. | Van Halen | Jump | Jump (single) | 53-832 |
| Warner Bros. Records Inc. | Van Halen | Not Enough | Balance | 206-396 |
| Warner Bros. Records Inc. | Wilco | Forget the Flowers | Being There | 229-793 |
| Warner Bros. Records Inc. | Wilco | How to Fight Loneliness | Summerteeth | 263-434 |
| Warner Bros. Records Inc. | ZZ Top | Cheap Sunglasses | Deguello | 13-884 |
| Warner Bros. Records Inc. | ZZ Top | Rough Boy | Afterburner | 66-959 |
| Warner Bros. Records Inc. | ZZ Top | Sharp Dressed Man | Eliminator | 45-132 |

# Exhibit B

| Plaintiff | Artist | Song Title |
|---|---|---|
| Capitol Records, LLC | Beatles | Revolution |
| Capitol Records, LLC | Beatles | You've Got To Hide Your Love Away |
| Capitol Records, LLC | Beatles | All My Loving |
| Motown Record Company, L.P. | Jackson 5 | ABC |
| UMG Recordings, Inc. | The Mamas And The Papas | California Dreamin' |
| UMG Recordings, Inc. | James Brown | I Got You (I Feel Good) |
| Elektra Entertainment Group Inc. | The Doors | L.A. Woman |
| Elektra Entertainment Group Inc. | The Doors | Roadhouse Blues |
| Elektra Entertainment Group Inc. | The Doors | People Are Strange |