Tonia Ouellette Klausner (tklausner@wsgr.com)
Joshua A. Plaut (jplaut@wsgr.com)
WILSON SONSINI GOODRICH & ROSATI
PROFESSIONAL CORPORATION
1301 Avenue of the Americas, 40th Floor
New York, New York 10019
(212) 999-5800 (Telephone)
(212) 999-5899 (Facsimile)

*Attorneys for Defendant/Counterclaim-Plaintiff
Project Playlist, Inc.*

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ATLANTIC RECORDING CORPORATION; CAPITOL RECORDS, LLC; ELEKTRA ENTERTAINMENT GROUP INC.; INTERSCOPE RECORDS; MOTOWN RECORD COMPANY, L.P.; PRIORITY RECORDS LLC; UMG RECORDINGS, INC.; VIRGIN RECORDS AMERICA, INC.; and WARNER BROS. RECORDS INC.,<br><br>     Plaintiffs,<br><br>     v.<br><br>PROJECT PLAYLIST, INC.,<br><br>     Defendant. | ECF CASE<br><br>Case No. 08 Civ. 3922 (DC)<br><br>**ANSWER AND COUNTERCLAIMS** |
| PROJECT PLAYLIST, INC.,<br><br>     Counterclaim-Plaintiff,<br><br>     v.<br><br>ATLANTIC RECORDING CORPORATION; ELEKTRA ENTERTAINMENT GROUP INC.; INTERSCOPE RECORDS; MOTOWN RECORD COMPANY, L.P.; UMG RECORDINGS, INC.; and WARNER BROS. RECORDS INC.,<br><br>     Counterclaim-Defendants. | |

## ANSWER

Defendant Project Playlist, Inc. ("Project Playlist"), by and through its undersigned counsel, answers the Complaint For Damages and Injunctive Relief (the "Complaint") of Plaintiffs Atlantic Recording Corporation, Elektra Entertainment Group Inc., Interscope Records, Motown Record Company, L.P., UMG Recordings, Inc., and Warner Bros. Records Inc. ("Plaintiffs") as follows:[1]

1. Project Playlist lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1, and it therefore denies them.

2. Project Playlist admits that it operates a website located at http://www.projectplaylist.com (the "Playlist Website") and that the Playlist Website offers an information location tool that enables its users easily to find, play and share with others music that is legally available on the Internet. Project Playlist otherwise denies the allegations contained in Paragraph 2.

3. Project Playlist admits that it has compiled an index of links to content that is hosted on third-party sites, and that through its caching mechanism, some files have been temporarily stored on servers utilized by Project Playlist. Project Playlist otherwise denies the allegations in Paragraph 3.

4. Project Playlist denies the allegations contained in Paragraph 4.

5. Project Playlist admits that the Complaint seeks injunctive relief and otherwise denies the allegations contained in Paragraph 5.

6. Project Playlist admits that Plaintiffs have filed the Complaint, which is a written document that speaks for itself. Project Playlist further responds that Paragraph 6

---

[1] Pursuant to Federal Rule 41(a)(1), the Court dismissed the Complaint with prejudice as to Capitol Records, LLC, Priority Records LLC, and Virgin Records America, Inc. on March 24, 2009.

contains legal conclusions to which Project Playlist is not obligated to respond. Project Playlist lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6, and it therefore denies them.

7. Project Playlist admits that Paragraph 7 sets forth the relief sought by Plaintiffs in this action, but denies that Plaintiffs are entitled to such relief and otherwise denies the allegations of Paragraph 7.

8. Project Playlist admits that this Court has subject matter jurisdiction over this action, but otherwise denies the allegations of Paragraph 8.

9. Project Playlist admits that there are Playlist Website users throughout the world (presumably including in New York State), and that it has engaged in business with ValueClick Media in California. Project Playlist further responds that Paragraph 9 contains legal conclusions to which Project Playlist is not obligated to respond. Project Playlist otherwise denies the allegations contained in Paragraph 9.

10. Project Playlist denies the allegations of Paragraph 10.

11. Project Playlist lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11, and it therefore denies them.

12. Project Playlist lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12, and it therefore denies them.

13. Project Playlist lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13, and it therefore denies them.

14. Project Playlist lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14, and it therefore denies them.

15. Project Playlist lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15, and it therefore denies them.

16. Project Playlist lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16, and it therefore denies them.

17. Project Playlist lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17, and it therefore denies them.

18. Project Playlist lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18, and it therefore denies them.

19. Project Playlist lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19, and it therefore denies them.

20. Project Playlist lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20, and it therefore denies them.

21. Project Playlist lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21, and it therefore denies them.

22. Project Playlist lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22, and it therefore denies them.

23. Project Playlist lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23, and it therefore denies them.

24. Project Playlist lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24, and it therefore denies them.

25. Project Playlist admits that Plaintiffs have attached to the Complaint a list of what they claim are sound recordings that they claim to own. Project Playlist lacks knowledge or information sufficient to form a belief as to the truth of whether the items

listed on Exhibit A are sound recordings and whether Plaintiffs have received Certificates of Copyright Registration from the Register for them, and it therefore denies those allegations. Project Playlist otherwise denies the allegations contained in Paragraph 25.

26.     Project Playlist admits that Plaintiffs have attached to the Complaint a list of what they claim are pre-1972 recordings that they claim to hold exclusive rights to under New York law. Project Playlist lacks knowledge or information sufficient to form a belief as to the truth of whether they are pre-1972 sound recordings or whether Plaintiffs in fact hold exclusive rights to them, and it therefore denies those allegations. Project Playlist otherwise denies the allegations contained in Paragraph 26.

27.     Project Playlist admits that it is a privately held corporation, that KR Capital Partners, LLC is a minor investor in Project Playlist, that it has been operating the Playlist Website since 2006, and that as of the date of the Complaint, the Playlist Website was among the most popular interactive streaming music sites on the Internet. Project Playlist further admits that records maintained by Compete.com indicate that Project Playlist had: 13.4 million unique visitors in April 2008, 1.18 billion page views in April 2008, and 996% growth in the number of monthly unique visitors between April 2007 and April 2008. Project Playlist lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 27 about the publication, by other third parties, of figures relating to Project Playlist's daily active users, average daily pageviews and year-over-year user-base growth, and it therefore denies such allegations. Project Playlist otherwise denies the allegations contained in Paragraph 27.

28.     Project Playlist admits that as of the date of the Complaint, it described itself as "an information location tool . . . devoted entirely to the world of music" and that from

its homepage, users could search for music by typing in an artist name, song name, or a combination of both.  Project Playlist lacks knowledge or information sufficient to form a belief as to whether the songs listed in Paragraph 28 are "copyrighted sound recordings by the group U2, owned by Plaintiff UMG Recordings, Inc.", and it therefore denies that allegation.  Project Playlist lacks knowledge or information sufficient to form a belief as to whether the screenshot contained in Paragraph 28 is authentic and from the Playlist Website, and it therefore denies the allegations that the screenshot is an example of a results list from Playlist.  Project Playlist otherwise denies the allegations contained in Paragraph 28.

29.     Project Playlist admits that it has compiled and continues to compile an index of links to content that is hosted on third-party sites, and that through its caching mechanism, some content has been temporarily stored on servers utilized by Project Playlist.  Project Playlist otherwise denies the allegations in Paragraph 29.

30.     Project Playlist admits that as of the filing of the Complaint, its link index was compiled, in part, by a team of people who visited specified websites to identify music content.  Project Playlist further admits that as of the filing of the Complaint, it also made use of an automated web crawler that searched specified websites to identify music content.  Project Playlist otherwise denies the allegations in Paragraph 30.

31.     Project Playlist admits that as of the date of the filing of the Complaint, a portion of its index was compiled through user-supplied links to music files hosted on third-party websites and that Project Playlist encouraged its users to add links to authorized music files.  Project Playlist otherwise denies the allegations contained in Paragraph 31.

32. Project Playlist admits that Paragraph 32 appears to contain substantially accurate quotations of fragments from isolated sentences in the "About Playlist.com" section of the Playlist Website, which is available at http://www.playlist.com/static/node/491.html. Project Playlist otherwise denies the allegations contained in Paragraph 32.

33. Project Playlist admits that its users may choose to listen to digital music files to which the Project Playlist index links by use of the proprietary music player built into the Playlist Website and that where possible, Project Playlist technology is compatible with other music players as well. Project Playlist otherwise denies the allegations contained in Paragraph 33.

34. Project Playlist admits that its search results have included a link to the originating website, that for a short period of time Project Playlist enabled users to listen to songs located through the Project Playlist index through the iTunes player, and that Wikipedia, as of the date of the Complaint, had an entry stating that a "podcast" has "[the] ability to be syndicated, subscribed to, and downloaded automatically when new content is added . . . ." Project Playlist otherwise denies the allegations in Paragraph 34.

35. Project Playlist admits that it encourages its users to create accounts, that only account holders can create playlists (a feature that Project Playlist describes as "a process of bookmarking 'favorites'"), and that Project Playlist has account holders throughout the world, presumably including in New York State. Project Playlist lacks knowledge or information sufficient to form a belief as to whether the purported sample playlist contained in Paragraph 35 is authentic and from the Playlist Website and whether Plaintiffs hold any rights in the works set forth on that sample playlist, and on those

bases, it denies the allegations in Paragraph 35 concerning the purported sample playlist. Project Playlist otherwise denies the allegations in Paragraph 35.

36.     Project Playlist admits that as of the date of the Complaint, its users could "embed" their playlists on social networking sites like MySpace, Facebook and Blogger. Project Playlist further admits that the "About Playlist.com" section of the Playlist Website advises users that the Playlist music player allows a user to "listen to your playlist and thus the remotely located media files wherever and whenever you choose." Project Playlist lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36 concerning the growth in the number of users on social networking sites and the number of MySpace users in July 2005, and it therefore denies those allegations. Project Playlist otherwise denies the allegations in Paragraph 36.

37.     Project Playlist admits that it temporarily stores "cache" copies of certain of the remotely-hosted music files accessible through links in its index. Project Playlist otherwise denies the allegations contained in Paragraph 37.

38.     Project Playlist admits that as of the time of the Complaint, it had begun optimizing its site for use on iPhone and iPod Touch devices. Project Playlist lacks knowledge or information sufficient to form a belief as to whether the purported screenshot contained in Paragraph 38 is authentic and from the Playlist Website, and it therefore denies the allegations in Paragraph 38 concerning that purported screenshot. Project Playlist otherwise denies the allegations in Paragraph 38.

39.     Project Playlist admits that the Playlist Website can be accessed at the web address www.projectplaylist.com. Project Playlist further admits that it has marketed and

promoted its brand and website. Project Playlist otherwise denies the allegations in Paragraph 39.

40. Project Playlist denies the allegations in Paragraph 40.

41. Project Playlist lacks knowledge or information sufficient to form a belief as to the content of videos on YouTube, and on that basis, it denies the allegations in Paragraph 41 that concern videos available on YouTube. Project Playlist otherwise denies the allegations in Paragraph 41.

42. Project Playlist lacks knowledge or information sufficient to form a belief as to the content of videos on YouTube, and on that basis, it denies the allegations in Paragraph 42 that concern videos available on YouTube. Project Playlist otherwise denies the allegations in Paragraph 42.

43. Project Playlist admits that Paragraph 43 contains a substantially accurate quotation of a fragment from an isolated sentence in the "About Playlist.com" section of the Playlist Website, which is available at http://www.playlist.com/static/node/491.html. Project Playlist otherwise denies the allegations in Paragraph 43.

44. Project Playlist admits that Paragraph 44 contains a substantially accurate quotation of a fragment from an isolated sentence in a section of the Playlist Website concerning copyright issues that was available, as of the time of the Complaint, at http://images.projectplaylist.com/static/node/147435.html. Project Playlist otherwise denies the allegations in Paragraph 44.

45. Project Playlist lacks knowledge or information sufficient to form a belief as to whether the purported screenshot contained in Paragraph 45 is authentic and from the

Playlist Website, and it therefore denies the allegations in Paragraph 45 that relate to this purported screenshot. Project Playlist otherwise denies the allegations in Paragraph 45.

46. Project Playlist admits that for some period of time it tested a "Did you mean" feature designed to automatically recognize apparent misspellings of certain artist and song names and to automatically propose alternative spellings in response to the entry of such misspellings. Project Playlist lacks knowledge or information sufficient to form a belief as whether the purported screenshot contained in Paragraph 46 is authentic and from the Playlist Website, and it therefore denies the allegations in Paragraph 46 that relate to this purported screenshot. Project Playlist otherwise denies the allegations in Paragraph 46.

47. Project Playlist denies the allegations in Paragraph 47.

48. Project Playlist denies the allegations in Paragraph 48.

49. Project Playlist denies the allegations in Paragraph 49.

50. Project Playlist admits that on at least six occasions since October 4, 2007, it received notices that links in its index led to allegedly infringing material hosted on third party sites, and that those notices appeared to come from individuals purporting to act on behalf of the Plaintiffs. Project Playlist otherwise denies the allegations in Paragraph 50.

## Count One

**(Direct Infringement in Violation of U.S.C. §§ 106 and 501)**

51. Project Playlist incorporates its responses to Paragraphs 1-50 above.

52. Project Playlist denies the allegations contained in Paragraph 52.

53. Project Playlist denies the allegations contained in Paragraph 53.

54. Project Playlist denies the allegations contained in Paragraph 54.

55. Project Playlist denies the allegations contained in Paragraph 55.

56. Project Playlist denies the allegations contained in Paragraph 56.

57. Project Playlist denies the allegations contained in Paragraph 57.

58. Project Playlist denies the allegations contained in Paragraph 58.

## Count Two

### (Secondary Infringement in Violation of 17 U.S.C. §§ 106(1), 106(3), 106(6), and 501)

59. Project Playlist incorporates its responses to Paragraphs 1-58 above.

60. Project Playlist denies the allegations contained in Paragraph 60.

61. Project Playlist denies the allegations contained in Paragraph 61.

62. Project Playlist denies the allegations contained in Paragraph 62.

63. Project Playlist denies the allegations contained in Paragraph 63.

64. Project Playlist denies the allegations contained in Paragraph 64.

65. Project Playlist denies the allegations contained in Paragraph 65.

66. Project Playlist denies the allegations contained in Paragraph 66.

67. Project Playlist denies the allegations contained in Paragraph 67.

68. Project Playlist denies the allegations contained in Paragraph 68.

69. Project Playlist denies the allegations contained in Paragraph 69.

70. Project Playlist denies the allegations contained in Paragraph 70.

71. Project Playlist denies the allegations contained in Paragraph 71.

72. Project Playlist denies the allegations contained in Paragraph 72.

## Count Three

### (Common Law Copyright Infringement of Pre-1972 Recordings)

73. Project Playlist incorporates its responses to Paragraphs 1-72 above.

74. Project Playlist lacks knowledge or information sufficient to form a belief as to whether Plaintiffs are the owners of valid common law copyrights in the purported pre-1972 recordings, and it therefore denies that allegation. Project Playlist otherwise denies the allegations contained in Paragraph 74.

75. Project Playlist denies the allegations contained in Paragraph 75.

76. Project Playlist denies the allegations contained in Paragraph 76.

77. Project Playlist denies the allegations contained in Paragraph 77.

## Count Four

### (Unfair Competition as to Pre-1972 Recordings)

78. Project Playlist incorporates its responses to Paragraphs 1-77 above.

79. Project Playlist denies the allegations contained in Paragraph 79.

80. Project Playlist denies the allegations contained in Paragraph 80.

81. Project Playlist denies the allegations contained in Paragraph 81.

82. Project Playlist denies the allegations contained in Paragraph 82.

83. Project Playlist denies the allegations contained in Paragraph 83.

84. Project Playlist denies the allegations contained in Paragraph 84.

## DEFENSES

Project Playlist sets forth the following affirmative and other defenses. Project Playlist does not hereby assume the burden of proof with respect to those matters as to which, pursuant to law, Plaintiffs bear the burden.

### First Defense
### (Digital Millennium Copyright Act Safe Harbors)

85. Plaintiffs' federal copyright claims are barred because Project Playlist is protected by one or more of the DMCA Safe Harbors in 17 U.S.C. § 512.

**Second Defense**
**(Communications Decency Act Immunity)**

86.    Plaintiffs' claims are barred in whole or in part by 47 U.S.C. § 230(c).

**Third Defense**
**(Failure to Mitigate Damages & Protect Copyrights)**

87.    Plaintiffs' demands must be reduced or offset to the extent Plaintiffs have failed to mitigate or avoid their purported harm or damages by failing to take reasonable steps to protect their copyrights.

**Fourth Defense**
**(Misuse of Copyright)**

88.    Each and every cause of action in the Complaint is barred by the doctrine of copyright misuse.

**Fifth Defense**
**(Innocent Infringement – 17 U.S.C. § 504(c)(2))**

89.    To the extent Plaintiffs seek the recovery of statutory damages provided under the Copyright Act, any such damages are limited by 17 U.S.C. § 504(c)(2).

**Sixth Defense**
**(Estoppel)**

90.    Each and every cause of action in the Complaint is barred by the doctrine of estoppel.

**Seventh Defense**
**(Acquiescence)**

91.    Each and every cause of action in the Complaint is barred by the doctrine of acquiescence.

**Eighth Defense**
**(Laches)**

92.    Each and every cause of action in the Complaint is barred by the doctrine of laches.

### Ninth Defense
### (Unclean Hands)

93. Each and every cause of action in the Complaint is barred by the doctrine of unclean hands.

### Tenth Defense
### (Waiver)

94. Each and every cause of action in the Complaint is barred by the doctrine of waiver.

### Eleventh Defense
### (Implied License)

95. Each and every cause of action in the Complaint is barred by the doctrine of implied license.

### Twelfth Defense
### (Fair Use – 17 U.S.C. § 107)

96. The activities of Project Playlist that Plaintiffs allege to be directly infringing on Plaintiffs' copyrights constitute "fair use" pursuant to 17 U.S.C. § 107. As such, each and every cause of action in the Complaint is barred, in whole or in part, by the doctrine of fair use.

### Thirteenth Defense
### (Substantial Non-Infringing Use)

97. Each and every cause of action in the Complaint is barred in whole or in part based on the doctrine of substantial non-infringing use, although Project Playlist submits that Plaintiffs bear the burden of proving the doctrine's inapplicability.

### Fourteenth Defense
### (Consent)

98. Each and every cause of action in the Complaint is barred by the doctrine of consent.

### Fifteenth Defense
### (Failure to State a Claim)

99. Each and every cause of action in the Complaint fails to state facts sufficient to state a claim for relief.

### Sixteenth Defense
### (*De Minimis* Use)

100. Each and every cause of action in the Complaint is barred in whole or in part because Project Playlist's use, if any, of Plaintiffs' copyrighted works has been *de minimis*.

### Seventeenth Defense
### (Excessive Damages)

101. The statutory damages sought by Plaintiffs are unconstitutionally excessive, and/or otherwise legally improper.

### Eighteenth Defense
### (Statute of Limitations)

102. Plaintiffs' claims are barred or limited by the applicable statute of limitations.

### Nineteenth Defense
### (Standing)

103. Plaintiffs' claims are barred in whole or in part because Plaintiffs do not have standing to assert any or all of the causes of action set forth in the Complaint.

WHEREFORE, Defendant respectfully requests that the Court enter an Order:

(a) That the Plaintiffs take nothing by way of their Complaint;

(b) Entering judgment in favor of Defendant and against Plaintiffs, and dismissing Plaintiffs' action in its entirety with prejudice;

(c) Awarding Defendant the cost of defending this lawsuit, including reasonable attorneys' fees; and

(d) Awarding such other and further relief as the Court deems just and proper.

## COUNTERCLAIMS

Project Playlist shall file and serve its counterclaims in accordance with the parties' agreement to extend Project Playlist's time in which to file counterclaims.

Dated:   April 14, 2009           WILSON SONSINI GOODRICH & ROSATI
                                  PROFESSIONAL CORPORATION


                                  By:   s/ Tonia Ouellette Klausner
                                        Tonia Ouellette Klausner
                                        (tklausner@wsgr.com)
                                        Joshua A. Plaut
                                        (jplaut@wsgr.com)

                                        1301 Avenue of the Americas, 40th Floor
                                        New York, New York 10019
                                        (212) 999-5800 (Telephone)
                                        (212) 999-5899 (Facsimile)

                                        *Attorneys for Defendant/Counterclaim-
                                        Plaintiff Project Playlist, Inc.*